**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 13, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD WAYNE CONWAY,

Petitioner - Appellant,

v.

TRACY McCOLLUM, Warden,

Respondent - Appellee.

No. 13-6136

(W.D. Oklahoma)

(D.C. No. 5:12-CV-00788-F)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY***

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Petitioner and appellant, Richard Conway, an Oklahoma state prisoner proceeding *pro se*, seeks a certificate of appealability ("COA") to enable him to appeal the denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Finding that he has failed to meet the standards for the issuance of a COA, we deny him a COA and dismiss this matter.

---

*This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Mr. Conway was convicted of first degree murder in Oklahoma state court and was sentenced to life imprisonment. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed the conviction by means of a summary opinion. Conway v. State, No. F-2011-107 (Okla. Crim. App. Apr. 26, 2012) (unpublished).[1] Mr. Conway filed the instant 28 U.S.C. § 2254 petition for a writ of habeas corpus, arguing that (1) the trial court's failure to instruct on the defense of accident and misfortune and (2) the trial court's failure to instruct on the lesser-included offenses of first- and second-degree manslaughter deprived him of due process and a fair and impartial trial by jury.

The district court denied Mr. Conway's motion, concluding that the OCCA's decision was not contrary to or an unreasonable application of Supreme Court precedent under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). This appeal followed.

## DISCUSSION

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006). A COA will issue "only if the

_____

[1]Although labeled a "summary opinion," the OCCA's decision was actually 81/2 pages long and analyzed and discussed Mr. Conway's arguments.

applicant has made a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes

showing that reasonable jurists could debate whether (or, for that matter, agree

that) the [application] should have been resolved in a different manner or that the

issues presented were adequate to deserve encouragement to proceed further."

Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

In evaluating whether Mr. Conway has carried his burden, we undertake "a

preliminary, though not definitive, consideration of the [legal] framework"

applicable to each of his claims. Miller-El, 537 U.S. at 338.

Furthermore, where, as in this case, the state court addressed the merits of a

petitioner's claims, AEDPA provides the applicable standard of review. Its

"deferential treatment of state court decisions must be incorporated into our

consideration of a . . . petitioner's request for a COA." Dockins v. Hines, 374

F.3d 935, 938 (10th Cir. 2004). Under AEDPA, habeas relief is available only if

the state court decision was "contrary to, or involved an unreasonable application

of, clearly established Federal law, as determined by the Supreme Court of the

United States," or "was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceeding." 28 U.S.C.

§ 2254(d)(1). "This highly deferential standard for evaluating state-court rulings

demands that state-court decisions be given the benefit of the doubt." Hooks v.

Workman, 689 F.3d 1148, 1163 (10th Cir. 2012) (further quotations omitted); see

Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). Additionally, we presume under AEDPA that the state court's determination of a factual issue is correct; the applicant or petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Hooks, 689 F.3d at 1163.

The district court's decision applied this deferential standard to the OCCA's resolution of Mr. Conway's issues. Its analysis is thorough and complete. We cannot improve on it, and we therefore deny Mr. Conway a COA for substantially the reasons stated in the district court's decision, adopting the magistrate judge's report and recommendation.

## CONCLUSION

For the foregoing reasons, we DENY a COA and DISMISS this matter. We DENY Mr. Conway's motion to proceed on appeal *in forma pauperis* and remind Mr. Conway that he is obligated to pay his filing fee in full.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge